UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TREA MICHAEL EDWARD HOLLAND,

   Petitioner,

v.                                            Case No. 3:23cv24237-TKW-HTC

COMMISSIONER OF INTERNAL
REVENUE SERVICE,

   Respondent.
_____/

## REPORT AND RECOMMENDATION

On September 12, 2023, Trea Michael Edward Holland, a prisoner at Okaloosa CI proceeding *pro se*, filed a "Petition for Writ of Mandamus," seeking to compel the Commissioner of the Internal Revenue Service to issue him stimulus payments pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). He was ordered on September 14 to file an amended complaint and a motion to proceed *in forma pauperis* by October 5. ECF Doc. 3. He did not comply, so on October 12 the Court ordered Holland to show cause by October 26 why his case should not be dismissed. ECF Doc. 4. He was warned that failure to comply with that Order as instructed could result in a recommendation that this case be dismissed for failure to prosecute or failure to comply with an order of the Court.

Despite that warning, he did not respond to the show cause order and, indeed, has not responded to the Court in any way since filing the original complaint.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a case *sua sponte* where the plaintiff has failed to prosecute his claims or follow a court order. Fed. R. Civ. P. 41(b); *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011). The Eleventh Circuit has routinely held that "dismissal upon disregard of an order, especially where the [plaintiff] has been forewarned, generally is not an abuse of discretion." *See, e.g.*, *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute or failure to comply with a Court order.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 1st day of November, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.